## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY PARKER,                      :
    Plaintiff,                          :
                                        :
    v.                                  :    CIVIL ACTION NO. 23-3263
                                        :
LEHIGH COUNTY COURT                  :
DOMESTIC RELATION SECTION, *et al.,* :
    Defendants.                         :

### MEMORANDUM OPINION

**Goldberg, J.**                                                    **October 18, 2023**

    Currently pending are a Motion to Proceed *In Forma Pauperis* and a civil Complaint filed by Plaintiff Anthony Parker raising claims against Lehigh County Court Domestic Relation Section ("LCDRS") and others asserting that his constitutional rights have been violated in connection with child support proceedings.  (ECF Nos. 1 & 2.)  For the following reasons, I will grant Parker leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

## I.    FACTUAL ALLEGATIONS AND LITIGATION HISTORY[1]

    In October 2013, Parker began filing lawsuits against LCDRS, its employees, and others, based on allegations that his constitutional rights and certain federal statutes have been violated in connection with his ongoing child support proceedings.  *See Parker v. Lehigh Cnty. Domestic Rels.*, Nos. 13-6368, 17-0564, 20-3655, 20-5334 (E.D. Pa.).  All of these cases have been assigned to me.

    Parker's first case, filed in October 2013 against LCDRS, LCDRS Director Julia Greenwood, Lehigh County Judge Michele A. Varricchio, Administrative Judge Richard F. Betz, and Attorney Joseph C. Bernstein, was dismissed with prejudice.  *Parker v. Lehigh Cnty. Domestic Rels. Ct.*, No. 13-6368, 2014 WL 11430961, at *5 (E.D. Pa. Apr. 15, 2014), *aff'd sub nom. Parker v. Lehigh Cnty. Domestic Rel.*

---

[1]    The following facts are taken from the Complaint and the publicly available dockets for prior civil actions filed by Parker, of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

*Ct.*, 621 F. App'x 125 (3d Cir. 2015).  In that case, Parker, who had accumulated approximately $100,000 in child support arrears, alleged that his due process rights were violated because the Lehigh County Court lacked jurisdiction over the child support cases and Defendants wrongfully denied his petitions to modify or terminate the support orders.  *Id.* at *1-2.  Parker also asserted both a libel claim based on the reporting of his arrearages to credit reporting agencies and a claim under the Freedom of Information Act for failure to disclose evidence on which child support orders were based.  *Id.* at *1.  To the extent Parker sought damages for the child support orders themselves, I dismissed those claims for lack of jurisdiction over a state court judgment.  *Id.* at *2 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Parker's claims against Judge Varricchio were dismissed based on judicial immunity, and his claims against LCDRS were dismissed based on Eleventh Amendment sovereign immunity.  *Id.* Parker's claims against Betz were barred by the statute of limitations, and his claims against Greenwood were dismissed for failure to state a claim and on qualified immunity.  *Id.* at 3-5.  Parker appealed, and the United States Court of Appeals for the Third Circuit affirmed the dismissal on July 29, 2015.  *See Parker v. Lehigh Cnty. Domestic Rel. Ct.*, 621 F. App'x 125, 131 (3d Cir. 2015).

Parker's second case, Civil Action No. 17-0564 filed in February 2017, alleged that LCDRS violated his constitutional rights by dismissing his petition to modify a support order and by seizing money from his bank account.  *Parker v. Lehigh Cnty. Domestic Rels. Ct.*, 696 F. App'x 96 (3d Cir. 2017).  I dismissed the complaint pursuant to 28 U.S.C. § 1915(e) because Parker's claims were barred by the *Rooker-Feldman* doctrine and because LCDRS was entitled to Eleventh Amendment immunity. *Id.*  Parker appealed, and the Third Circuit affirmed on October 2, 2017, agreeing that the Court lacked jurisdiction under *Rooker-Feldman* to review Parker's family court case.  *Id.*

Parker's third case, Civil Action No. 20-3655 filed in July 2020, alleged that LCDRS "denied [him the] right to file objections to [a] modification hearing" and acted illegally when it told him his objection was not appealable.  *Parker v. Lehigh Cnty. Domestic Rels. Section*, No. 20-3655, 2020 WL 5993650, at *1 (E.D. Pa. Oct. 9, 2020).  Parker also averred that LCDRS issued an order for child support

outside of its jurisdiction because the mother of his children was living in South Carolina. *Id.* I dismissed this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding for the third time that LCDRS was immune from suit under the Eleventh Amendment. *Id.*

Parker filed his fourth case in October 2020, alleging constitutional violations against previously named Defendants Greenwood and Betz,[2] as well as Catherine L. Worman and Tammy E. Stephens,[3] who Parker identified as LCDRS officials. *See Parker v. Greenwood*, No. 20-5334, 2021 WL 978900, at *1 (E.D. Pa. Mar. 15, 2021). Parker averred that a child support modification hearing was conducted without him being present on December 2, 2019, and when he attempted to file objections, he was allegedly refused permission by Greenwood and Stephens. *Id.* Parker asserted that Greenwood and Stephens "abused authority and refused to submit an appeal" to the Superior Court and "made an illegal law that [his] objections [were] not appealable." *Id.* Parker further alleged that Greenwood and Betz failed to follow the statutory requirements of 42 U.S.C. § 666, a federal statute providing procedures for States receiving federal money for child support programs and issued an order for child support outside of their jurisdiction. *Id.* Parker also asserted, *inter alia*, that all Defendants violated 18 U.S.C. § 241 and the Pennsylvania Constitution by denying him the right to appeal child support orders. *Id.*

By Memorandum and Order filed March 15, 2021, Parker's fourth complaint was dismissed in part with prejudice during screening, and the only claim that was permitted to proceed was a claim against Stephens based on the allegation that she had interfered with Parker's ability to file objections. *Id.* at *6. Specifically, I dismissed Parker's claims alleging a violation of 18 U.S.C. § 241 because criminal charges cannot be brought through a private lawsuit, and § 241 did not give rise to a civil cause of action. *Parker*, 2021 WL 978900, at *3. Parker's claims under the Pennsylvania Constitution were dismissed as legally frivolous, and his claims that Defendants failed to follow the provisions of 42 U.S.C. § 666 were dismissed because there is no private right of action under that section. *Id.* at *3-5. Parker's due process

---

[2]     Parker's complaint misspelled his last name as "Betts."

[3]     Parker's complaint misspelled her last name as "Stephen."

claims based Defendants' alleged lacked jurisdiction over his child support case because the child's mother no longer resided in Lehigh County were dismissed with prejudice as not plausible.  *Id.* at *4. Finally, Parker's due process claims against Greenwood were dismissed because Parker failed to establish supervisory liability, and his remaining due process claims against Betz and Worman were dismissed on the basis of quasi-judicial immunity.  *Id.* at *5.  Although a claim against Stephens initially proceeded to service, the claims against her were later dismissed on April 7, 2022, based on her judicial immunity as an employee of LCDRS acting within her capacity as part of the judicial process.[4]  *See Parker v. Stephen*, No. 20-5334, 2022 WL 1045536, at *3 (E.D. Pa. Apr. 7, 2022).  Parker filed an appeal from the April 7, 2022 order dismissing his complaint without leave to amend, and the Third Circuit affirmed the judgment on December 5, 2022.  *See Parker v. Greenwood*, No. 22-1677, 2022 WL 17411380, at *1 (3d Cir. Dec. 5, 2022).

On August 16, 2023, Parker filed the instant civil action against LCDRS and LCDRS employees, Tammy E. Stephens, Melissa T. Pavlack,[5] Richard (Dick) Betz, Hala T. Khourly, Catherine M. Roseberry, and Julia Parker Greenwood.  (Compl. (ECF No. 2) at 1.)[6]  Parker asserts that he has been involved in child support proceedings before LCDRS, and from 1992 through 1996, LCDRS filed three child support orders for his children that "contain costs/arrearages in perpetuity."  (*Id.* at 2.)  Parker identified these orders as DR-93-293, DR-95-728, and DR-96-1743.  (*Id.*)

As with his prior cases, Parker's claims appear to reflect his dissatisfaction with rulings made during his child support proceedings.  He asserts that he has been a "victim of the abuse of authority from Defendants" who have issued "terminated child support orders to [him] as cost and arrears."  (*Id.*)  Parker

[4]     Parker also filed a motion to amend, seeking to add a Lehigh County Court of Common Pleas Judge as a Defendant because she had presided over the family court proceedings.  *See Parker*, 2022 WL 1045536, at *1.  Parker's motion to amend was denied as futile on the basis of judicial immunity.  *Id.* at *3.

[5]     Parker incorrectly identified Judge Pavlack in his Complaint as "Michelle L. Pavlack."

[6]     The Court adopts the pagination supplied by the CM/ECF docketing system.

4

also avers that LCDRS issued a "draconian child support order" in 2001, but he does not provide any more information about that order or explain why he thinks that particular order was "draconian."[7]  (*Id.*)

With respect to more recent events, Parker contends that at a May 28, 2021 hearing, LCDRS denied the existence of two child support orders for the same child, and hearing officer Betz made derogatory comments about Parker's race and age.  (*Id.* at 2.)  Parker also asserts that an order was issued on September 1, 2021, denying his request to modify child support order DR-95-728.  (*Id.*)  According to Parker, Judge Pavlack improperly affirmed Betz's decision on January 10, 2022, which was an "abuse of authority" because it involved issuance of an order for a "terminated child support case."  (*Id.* at 3.)

Parker alleges that on October 13, 2021, Khourly, a staff attorney for LCDRS, requested a continuance for "terminated case DR-95-728."  (*Id.* at 2.)  He also alleges that Khourly wrote a brief in opposition to his request for exceptions indicating that his "arrears-only case has terminated because the arrears have been paid in full."  (*Id.* at 3.)  Parker avers that despite this assertion that the arrears have been paid, "Defendant assiduously submitted Indiana child support tracking number to Social Security office garnishing monthly payments."  (*Id.*)  He also contends that Stephens, as a Court Operation officer, issued an order in December 2022 "confiscat[ing] [his] bank account including direct deposit of paycheck garnished for child support" leaving him "unable to provide daily living expenses."  (*Id.*)

Parker asserts that on February 3, 2023, LCDRS "legal representative" Roseberry "accepted certified mail" of his motion to terminate child support order DR-93-293, his motion to modify orders DR-95-728 and DR-96-1743, and his request for copies pursuant to 42 U.S.C. § 666.  (*Id.*)  Judge Pavlack allegedly issued an order on March 2, 2023, denying these motions, indicating that Parker's petition was untimely because it was not filed within a year of the termination of the charging order "pursuant to Pa. R. Civ. P. 1910.19(g)(2)."  (*Id.*)

---

[7]     Assuming Parker intended to assert a claim solely on the basis of this order, it is clear that the order was issued more than two years prior to the filing of this case on August 16, 2023.  Accordingly, any such claim would be barred by the two-year statute of limitations.  *See Parker*, 2014 WL 11430961, at *3.

Parker filed an intent to appeal the March 2, 2023 order and alleges that on April 4, 2023, Raymond Stabinsky,[8] as Deputy Director of LCDRS under the authority of Director Greenwood, submitted a notice of appeal for case DR-95-728.  (*Id.*)  According to Parker, Stabinsky and Stephens did not submit a docket statement to the Pennsylvania Superior Court and that by failing to do so, they "copulated to deny [his] State and Federal Constitutional rights to appeal to higher court."  (*Id.* at 4.)

Parker asserts that he filed a motion requesting a three-year review of cases DR-95-728 and DR-96-1743 in May 2023, but "Defendants abused their authority and denied" his request on July 19, 2023, stating that the support orders were "not eligible for a 3-year review" because "the order of support was most recently reviewed on 04/04/2023."  (*Id.*)  Parker contends that "[u]nder the legal theory of Respondeat superior," Roseberry and Greenwood are "responsible for the negligence of subordinates," and he alleges that LCDRS has "weaponized the legal process by denying [a] telephone hearing and [by] refus[ing] to provide copies of 3-year child support reviews."  (*Id.*)

In the current case, Parker repeats allegations and causes of action previously asserted in his Complaint filed in Civil Action No. 20-5334.  Specifically, Parker avers for the second time that LCDRS issued two terminated child support orders for the same child.  (*Id.* at 4-5; *see also* No. 20-5334, ECF No. 2 at ¶¶ 19, 23.)  Parker also reasserts that "Defendants" violated his "state and federal constitutional rights to file an appeal to a higher Court and receive 3-year reviews of child support orders upon request." (*Id.* at 5; *see also* No. 20-5334, ECF No. 2 at ¶ 20.)

Parker purports to bring two claims against the Defendants.  In his first cause of action, he cites Article I, Section 8 of the United States Constitution, specifically the clause providing Congress with the enumerated power to establish courts inferior to the Supreme Court, as well as "Subchapter C. Jurisdiction of Superior Court Sec. 741."[9]  (*Id.* at 5.)  Parker's first claim mirrors his first claim in Civil

---

[8]     Stabinsky is not named as a Defendant in this case.
[9]     Parker appears to reference 42 Pa. Cons. Stat. § 741.  That section states:

The Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its

Action No. 20-5334.  (*See* No. 20-5334, ECF No. 2 at ¶¶ 30-39.)  In this case, Parker also alleges that following the filing of his intent to appeal the March 2, 2023 order, a docket statement was not submitted to the Pennsylvania Superior Court "under the rule of the Supreme Court of Pennsylvania."  (*Id.* at 6.)  Parker avers, therefore, that all Defendants violated his "state and federal constitutional rights to file an appeal to higher Court" and that he is "entitled to copies of 3-year reviews of all child support orders and [for] Defendant to submit docket statement to The Superior Court of Pennsylvania."  (*Id.* at 4, 6.)

Parker's second cause of action also mirrors a claim made in Civil Action No. 20-5334.  (*See* No. 20-5334, ECF No. 2 at ¶¶ 54-64.)  In this case, Parker alleges a violation of § 241 based on an alleged conspiracy and abuse of authority among the Defendants to issue terminated child support orders against him, confiscate his bank account and garnish his earnings for child support, deny his motions for termination and/or modification of child support orders, and violate 42 U.S.C. § 666.  (*Id.* at 6-8.)

## II.   STANDARD OF REVIEW

I will grant Parker leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th

_____

appellate jurisdiction, and except that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court.

366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Parker is proceeding *pro se*, his allegations are construed liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id*.

## III.    DISCUSSION

Parker asserts constitutional claims against state officials. He seeks monetary and punitive damages, as well as a declaration that his rights have been violated. (Compl. at 8.) Parker also requests that the Defendants "extinguish terminated child support orders garnished as cost and arrears."[10] (*Id.*)

The vehicle by which federal constitutional claims may be brought in federal court against state actors is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There are numerous reasons why Parker's claims fail. Notably, the majority of legal defects in Parker's claims are the same legal defects noted in several of his prior lawsuits.

### A.    Claims Against LCDRS

As Parker has been previously advised, any claims against LCDRS may not proceed. *see Parker*, 2020 WL 5993650, at *1; *Parker*, 2014 WL 11430961, at *5. The Court takes judicial notice that "[t]he

---

[10]    Parker appears to request federal intervention in the child support dispute in state court, which I decline to do. To the extent the child support proceedings have concluded in a manner adverse to Parker, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final judgments of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It is not clear whether the rulings of which Parker complains are "final judgments" for purposes of *Rooker-Feldman*, so I cannot say at this time that Parker is pursuing an improper appeal of a state court judgment under the *Rooker-Feldman* doctrine. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458-61 (3d Cir. 2019).

Domestic Relations Section (DRS) is part of the Family Court of the Lehigh County Court of Common Pleas." *See* https://www.lccpa.org/drs/ (last viewed Oct. 16, 2023).  The Eleventh Amendment bars suits against a state and its agencies in federal court.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Lehigh Court of Common Pleas—including its Domestic Relations Section—is part of Pennsylvania's unified judicial system and shares in the Commonwealth's Eleventh Amendment immunity.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, the Commonwealth and its departments, including LCDRS, are immune from suits filed in federal court.

### B.     Claims Against Judge Pavlack

Parker alleges that Judge Pavlack, a Judge of the Lehigh County Court of Common Pleas, issued certain erroneous orders while presiding over his child support proceedings.  (Compl. at 3.)  I previously determined that Judge Pavlack is entitled to judicial immunity.  *See Parker*, 2022 WL 1045536, at *3 (denying Parker's motion to amend as futile because Judge Pavlack was entitled to judicial immunity).

As has already been explained to Parker, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (citations omitted).  Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and *ex parte*' manner', . . . [or] because the judge's action is 'unfair' or controversial."  *Gallas*, 211 F.3d at 769 (citations omitted).  A judge will be subject to liability only "when he has acted

'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). "Generally, . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

All of the Complaint's allegations about Judge Pavlack concern acts that she took in her judicial capacity.  There are no facts suggesting that Judge Pavlack acted in the absence of all jurisdiction to negate judicial immunity.  I also note that, while the doctrine does not bar a claim for declaratory relief, there is no such claim here.[11]  *See Larsen v. Senate of Pa.*, 152 F.3d 240, 249 (3d Cir. 1998).  Accordingly, the claims against Judge Pavlack must be dismissed.

### C.      Claims Against LCDRS Staff

Parker has failed to state a claim against the remaining Defendants—Stephens, Betz, Khourly, Roseberry, and Greenwood—all of whom are alleged to be staff employed with LCDRS.  (Compl. at 1-4, 6-7.)  Importantly, a plaintiff must allege a defendant's personal involvement in the alleged wrongs to state a plausible claim.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that, to be liable, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs").  Where there are multiple events and defendants at issue, this often cannot be accomplished by repeatedly and collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability.  *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'").

Here, the majority of Parker's allegations are pled in the collective and appear to discuss a range of conduct across several court proceedings, making it difficult to discern with any clarity what each Defendant is alleged to have done.  In fact, the only specific allegations in Parker's Complaint against

---

[11]      Declaratory relief is "prospective in nature," *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013), and Parker's request for a "declaration" that his rights have been violated (*see* Compl. at 8) seeks to address past conduct.  *See Parker v. Greenwood*, 2022 WL 17411380, at *2.

these Defendants are as follows:  Parker's allegation that Betz is a "Master Hearing Officer" who conducted child support proceedings and issued an order in September 2021 denying his motion to modify child support order DR-95-728 (*see* Compl. at 2); his identification of Khourly and Roseberry as staff attorneys who either requested a continuance of a modification proceeding, wrote a brief in opposition to one of Parker's motions, or accepted certified mail on behalf of LCDRS (*id.* at 2-4, 7); and Parker's allegation that Stephens, the "Operations Director," "issued [an] order" garnishing his paycheck for child support (*id.* at 3-4, 7).  Although not specifically named as a Defendant (*see id.* at 1), Parker may have also intended to assert a claim against Raymond Stabinsky, who is identified in the Complaint as the Deputy Director of LCDRS "under the authority" of Director Greenwood.[12]   (*Id.* at 3-4, 6-7.) Based on these allegations, it appears that each of these Defendants have been sued based upon their respective roles on behalf of LCDRS.  As such, as explained more fully below, each of them is entitled to quasi-judicial immunity.  In fact, I previously determined that Defendants Betz and Stephens were

---

[12]     Parker seems to allege that his due process rights were violated when Stabinsky and Stephens allegedly failed to submit a docket statement to the Pennsylvania Superior Court "under the rule of the Supreme Court of Pennsylvania" with respect to his appeal of Judge Pavlack's March 2, 2023 order.  (Compl. at 6.)  Parker contends that "[a]ll Defendants violated [his] state and federal rights to file an appeal to a higher Court."  (*Id.*)
    Child support proceedings in Pennsylvania, although conducted with less formality before LCDRS rather than as a court proceeding before a judge of the Court of Common Pleas, are nonetheless governed by the Pennsylvania Rules of Civil Procedure.  Although Parker does not specifically identify the rule at issue, it seems that he may be referring to Rule 3517 of the Pennsylvania Rules of Appellate Procedure, which provides as follows:

> Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal.

Pa. R. A. P. 3517.  Parker has failed to plausibly allege how an alleged failure to submit a docketing statement violated his rights to due process.  Parker does not allege that his appeal was dismissed, nor does he allege facts demonstrating that, in light of Stabinsky or Stephens's alleged conduct, he lost the ability to pursue a "nonfrivolous, arguable underlying claim."  *See Parker*, 2022 WL 17411380, at *2 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotation marks omitted)).

entitled to immunity for similar claims Parker filed against them in the past. *See Parker*, 2021 WL 978900, at *5; *Parker*, 2022 WL 1045536, at *3.

As previously explained to Parker, any claims against a defendant for his or her actions in implementing and enforcing a child support order will not survive screening because he or she is entitled to quasi-judicial immunity for such actions. *See Baquero v. Mendoza*, 828 F. App'x 137, 140 (3d Cir. 2020) (*per curiam*) ("[W]e agree with the District Court's conclusion that defendants Tardif and Feldman are entitled to quasi-judicial immunity for their roles in implementing and enforcing child support orders"); *Lepre v. Tolerico*, 156 F. App'x 522, 525 (3d Cir. 2005) (*per curiam*) ("However, these defendants, all of whom are officers of the Domestic Relations Section of the Family Court of Lackawanna County, are entitled to quasi-judicial immunity for their actions in filing the Petition enforcing the Family Court's support order in accordance with Pennsylvania Rule of Civil Procedure 1910.25) (citing *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 772-73 (3d Cir. 2000) and *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir. 1969)). The scope of this immunity extends to court personnel, such as domestic relations staff attorneys and hearing officers, "who perform discretionary, and adjudicative functions under the guidance and direction of the courts." *See Blackwell v. Tierney*, No. 21-1904, 2022 WL 19778, at *4 (W.D. Pa. Jan. 3, 2022) (citing cases).

These Defendants are immune from suit because Parker's claims arise out of their duties for LCDRS, specifically, implementing and enforcing child support orders. Their immunity is not rendered a nullity even if they made a mistake or improperly discharged those duties. *See Lewis v. W. Roxbury Dist. Court*, No. 12-11544, 2013 WL 4854117, at *6 (D. Mass. Sept. 10, 2013) (dismissing § 1983 claim on quasi-judicial immunity grounds where the plaintiff alleged that the court clerk (1) failed to record his criminal case history accurately and (2) ignored his request to obtain documents and recognizing that the plaintiff sought "to hold the Court Clerk liable for improperly discharging her duties" that arose "directly from the Clerk's role in supporting the adjudication of cases" and were "inextricably intertwined with the judicial function"); *see also Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir.

1987) (stating that "[c]ourt clerks have absolute quasi-judicial immunity . . . when they perform tasks that are an integral part of the judicial process," and that "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors'").  Accordingly, these claims will be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

Moreover, to the extent that Parker also asserts liability against Defendant Greenwood—because she is the Director of LCDRS and others acted "under her authority"—he does not state a plausible claim. Greenwood cannot be held vicariously liable for a constitutional violation committed by another.[13]  *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to [] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Rather, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."  *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  *Id.*  Because Parker does not allege that Greenwood created a policy with deliberate indifference to his rights, the sole allegation that she is the Director of LCDRS is, accordingly, insufficient to state a plausible claim.

Even assuming quasi-judicial immunity did not apply to Parker's claims, his allegations do not state any plausible constitutional violations against these Defendants, as set forth below.

---

[13]     The same holds true for Defendant Roseberry, who Parker conclusively alleges was "responsible for the negligence of subordinates" under the doctrine of *respondeat superior*.  (Compl. at 4.)

13

D.      **Claims for Violation of 18 U.S.C. § 241**

Parker asserts claims for money damages against the Defendants based on 18 U.S.C. § 241, the

federal criminal statute making it illegal to engage in a conspiracy to deprive civil rights.  As Parker has

been previously advised, *see Parker*, 2021 WL 978900, at \*3, criminal statutes generally do not give rise

to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55,

56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes,

but most do not provide a private cause of action."); *Brown v. Progressive Specialty Ins. Co.*, No. 17-

5409, 2017 WL 6210283, at \*1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not

provide a basis for civil liability."), *aff'd*, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019).

More specifically, federal courts have consistently held that 18 U.S.C. § 241 does not give rise

to a private right of action.  *See, e.g., United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980)

(declining to create civil remedy under 18 U.S.C. §§ 241 and 242); *Molina v. City of Lancaster*, 159 F.

Supp. 2d 813, 818 (E.D. Pa. 2001).  Because a plaintiff cannot bring criminal charges against defendants

through a private lawsuit, and this section does not give rise to a civil cause of action, Parker's claims

for violation of § 241 are not plausible and will be dismissed with prejudice.

E.      **Claims under the Pennsylvania Constitution for Damages**

Parker also purports to bring claims under the Pennsylvania Constitution.  However, as there is

no private right of action for damages under the Pennsylvania Constitution, these claims are dismissed

as legally frivolous.  *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a

private right of action for damages under the Pennsylvania Constitution.

F.      **Claims for Violation of 42 U.S.C. § 666**

A mere conclusory allegation that any Defendant failed to follow 42 U.S.C. § 666 is not sufficient

to state a plausible claim.  *See Iqbal*, 556 U.S. at 678.  Moreover, § 666 does not create an individual

right and, thus, is not enforceable under § 1983.  *See Myers v. Sara Lee Corp.,* No. 08-1421, 2009 WL

10706711, at \*4 (E.D.N.Y. Apr. 13, 2009) ("This court finds that, pursuant to *Blessing*[ *v. Freestone*,

520 U.S. 329 (1997)], there is no private right of action under 42 U.S.C. § 666."); *Cutts v. Berry*, No. 06-41, 2006 WL 8459116, at \*4 (E.D. Mo. Oct. 19, 2006) (analyzing whether § 666 creates an individual cause of action).  Accordingly, all claims for violation of § 666 are dismissed as not plausible.

### G.     Claims for Injunctive Relief

Parker appears to request that this Court provide "copies of all 3-year reviews child support reviews," direct that a docket statement be submitted, and "extinguish terminated child support orders." (Compl. at 6-8.)  Parker cannot be granted the injunctive relief requested. As noted by the Third Circuit in one of Parker's prior cases, only the United States Supreme Court may directly review and reverse the LCDRS's decisions regarding Parker's child support obligations and information disclosure.  *See Parker*, 621 F. App'x 125, 130 (3d Cir. 2015) (citing 28 U.S.C. § 1257(a); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291-92 (2005) (citations omitted)).  This Court also lacks jurisdiction to compel the state court or its officers to submit a docket statement or disclose documents to Parker.  *Id.* (citing *In re Wolenski,* 324 F.2d 309 (3d Cir. 1963) (*per curiam*) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official")); *see also Taylor v. Motions Unit Clerk of Cts.*, No. 22-3028, 2023 WL 418061, at \*2 (3d Cir. Jan. 26, 2023) (noting that a federal court generally lacks authority to order state judicial officers to take a specific action).

## IV.   CONCLUSION

For the foregoing reasons, I will grant Parker leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim.  I further find that amendment would be futile because Parker cannot cure the defects noted above.  Additionally, Parker is placed on notice that if he continues to file meritless lawsuits in this Court based on the same subject matter, he may be subjected to an injunction that limits his ability to file cases in the future.  *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

An order follows.